DANIEL G. BOGDEN
United States Attorney for the District of Nevada
ROGER W. WENTHE
Assistant United States Attorney
501 Las Vegas Blvd. S., Suite 1100
Las Vegas, NV  89101

JOHN C. CRUDEN
Assistant Attorney General
Environment & Natural Resources Division
SEAN C. DUFFY
Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Division
Natural Resources Section
601 D Street NW
Washington, DC 20004
*ph:* (202) 305-0445; *fax:* (202) 305-0506
sean.c.duffy@usdoj.gov

*Attorneys for United States of America, et al.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| ANNIVERSARY MINING CLAIMS, L.L.C., | Case No. 2:16-cv-00932-JCM-GWF |
| Plaintiff, | |
| v. | **JOINT MOTION TO STAY DISCOVERY FOR GOOD CAUSE** |
| UNITED STATES OF AMERICA, et al., | |
| Defendants. | |

The Parties, through their respective counsel of record, hereby move the Court for an order to stay discovery for good cause shown.  Support for this motion is set forth below.

**POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STAY DISCOVERY**

Plaintiff has brought this action under the Quiet Title Act and Declaratory Judgment Act, seeking to quiet title so that it can use and maintain Anniversary Mine Road for commercial purposes.  ECF No. 1.  On June 28, 2016, Federal Defendants filed a motion to dismiss the complaint pursuant to Rules 12(b)(1) and 12(b)(6) of Federal Rules of Civil Procedure.  ECF No. 15 at 1.  Plaintiff filed a response to the motion to dismiss, ECF No. 17, and Federal Defendants filed a reply.  ECF No. 22.  The motion to dismiss is fully briefed.

In the motion to dismiss, Federal Defendants contend that the complaint fails to allege claims that satisfy the Quiet Title Act's waiver of sovereign immunity and thus the Court lacks subject matter jurisdiction and must dismiss the complaint pursuant to Rule 12(b)(1).  In addition, Federal Defendants contend that Plaintiff fails to state a claim upon which relief can be granted and the Court must dismiss the complaint pursuant to Rule 12(b)(6).

On August 12, 2016, the Parties submitted a proposed discovery plan and scheduling order pursuant to LR 26-1(b).  ECF No. 23.  In their proposed scheduling order, the Parties proposed non-specific dates for discovery and related deadlines, all of which are contingent on the Court first ruling on the motion to dismiss.  *Id.* at 2-3.  The Parties offered to file a substitute discovery plan and scheduling order with specific dates should the motion to dismiss be denied in whole or in part.  *Id.* at 2 n.2.  The Court denied the proposed discovery plan and scheduling order and directed the Parties to submit a revised proposed discovery plan and scheduling order that sets forth specific dates and related deadlines or to file a motion to stay discovery, pending a decision on the motion to dismiss, supported by good cause.  ECF No. 24.

The Parties have conferred and agreed to file this joint motion for a stay of discovery pending a decision on the motion to dismiss.  Good cause for granting this request is set forth below.

There is good cause for the Court to order a stay of discovery pending a decision on the motion to dismiss.  In this case, Federal Defendants have filed a dispositive motion challenging

JOINT MOT. TO STAY DISCOVERY
FOR GOOD CAUSE                                                 1

the legal sufficiency of the complaint.  That motion seeks to dismiss the complaint in its entirety for failing to establish that the Court has subject matter jurisdiction or to state a claim.  The Parties have not sought any jurisdictional discovery in this case and agree that the motion to dismiss can be decided on the basis of the complaint itself and the Parties' filings on the motion to dismiss.

At this stage in the proceedings, the Parties can avoid expending costs and diverting resources for purposes of discovery while the legal sufficiency of the complaint is being challenged.  In deciding whether to issue a stay, courts appropriately take account of considerations such as the cost and inconvenience of discovery.  Rule 1 of Federal Rules of Civil Procedure encourages this by directing that the Rules shall be "construed and administered to secure the just, speedy, and inexpensive determination of every action."  Fed. R. Civ. P. 1; *see also Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597 (D. Nev. 2011) (evaluating whether to order stay in light of Rule 1); *Abrego v. U.S. Bank Nat'l Ass'n*, No. 2:13-cv-01795-JCM-GWF, 2014 WL 374755 at *2 (D. Nev. Jan. 31, 2014) (same).

The potential to avoid the costs and inconvenience of discovery is particularly appropriate in cases like this one, where a stay is sought pending a decision on a dispositive motion.  In cases where a party seeks to stay discovery pending a decision on a Rule 12(b)(6) motion, courts have applied a three-part test, granting a motion to stay where (1) the pending motion is potentially dispositive, (2) the pending motion can be decided without additional discovery, (3) and the Court has taken a "preliminary peek" at the merits of the dispositive motion "and is convinced that the plaintiff will be unable to state a claim for relief."  *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013); *Babin-De-Jesus v. American Express Co.*, No. 2:16-cv-00636-RFB-GWF, 2016 WL 3563082 at *2 (D. Nev. June 28, 2016).  The Parties agree that the first two prongs of the three-part test are established.  In this case, where the Parties jointly move for a stay of discovery, it should be enough, for purposes of establishing good cause, that the first two prongs have been established.

In addition, Federal Defendants have moved to dismiss the complaint for lack of subject matter jurisdiction under Rule 12(b)(1).  Were the Court to agree with Federal Defendants that

there is no subject matter jurisdiction, it would be *required* to dismiss the complaint.  Fed. R. Civ. P. 12(h)(3).  Indeed, the requirement that a federal court have subject matter jurisdiction is so fundamental to its ability to decide a case on the merits, a challenge to it may be brought at any stage of the proceedings and a court should raise the question *sua sponte*.  *Kontrick v. Ryan*, 540 U.S. 443, 455 (2004).  Moreover, in this case, the challenge to subject matter jurisdiction is predicated on the United States' sovereign immunity, which shields it from being sued at all in the absence of an applicable waiver.  In the context of motions seeking protective orders under Rule 26(c), courts have noted that examples where a protective order should issue include situations "when jurisdiction, venue, or immunity are preliminary issues." *Twin City Fire Ins. Co. v. Employers Ins. of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989); *see also Grand Canyon Skywalk Dev. LLC v. Steele*, No. 2:13-cv-00596-JAD-GWF, 2014 WL 60216 at *2 (D. Nev. Jan. 7, 2014).  Because jurisdiction and immunity are preliminary issues in this case, there is good cause for granting the motion for a stay.

   The Parties agree that the foregoing reasons establish good cause for granting their joint motion to stay discovery pending a decision on the motion to dismiss.  Plaintiff and Federal Defendants respectfully and jointly request that the Court grant the motion to stay discovery for good cause.

Respectfully submitted:  August 19, 2016.

| | |
|---|---|
| */s/ Karen Budd Falen (by scd w/ permiss.)*<br>Karen Budd-Falen (*pro hac vice*)<br>Andrew Taylor (*pro hac vice*)<br>BUDD-FALEN LAW OFFICES, LLC<br>300 East 18th Street<br>Post Office Box 346<br>Cheyenne, Wyoming 82003-0346<br>(307) 632-5105 Telephone<br>(307) 637-3891 Facsimile<br>Karen@buddfalen.com | DANIEL G. BOGDEN<br>United States Attorney for the Dist. of Nevada<br>ROGER W. WENTHE<br>Assistant United States Attorney<br>501 Las Vegas Blvd. S., Suite 1100<br>Las Vegas, NV  89101<br><br>JOHN C. CRUDEN<br>Assistant Attorney General<br>Environment & Natural Resources Division<br><br>*/s/ Sean C. Duffy*<br>SEAN C. DUFFY (NY Bar No. 4103131) |

JOINT MOT. TO STAY DISCOVERY
FOR GOOD CAUSE                                                         3

Trial Attorney
Natural Resources Section
601 D Street NW
Washington, DC 20004
*ph*: (202) 305-0445; *fax:* (202) 305-0506
sean.c.duffy@usdoj.gov

*Attorneys for Federal Defendants*


IT IS SO ORDERED:

_____
GEORGE FOLEY, JR.
United States Magistrate Judge

DATED: August 22, 2016

JOINT MOT. TO STAY DISCOVERY
FOR GOOD CAUSE                                  4

**Certificate of Service**

I hereby certify that on August 19, 2016, I filed the foregoing with the Clerk of Court via the CM/ECF system, which will provide service to all attorneys of record.

/s/ *Sean C. Duffy*
Sean C. Duffy
*Attorney for Federal Defendants*