UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ANNIVERSARY MINING CLAIMS, LLC,<br><br>　　　　　　　　　　　　　Plaintiff(s),<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　　　Defendant(s). | Case No. 2:16-CV-932 JCM (GWF)<br><br>ORDER |

Presently before the court is defendants' motion to dismiss plaintiff Anniversary Mining Claims L.L.C.'s complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (ECF No. 15). Plaintiff filed a response (ECF No. 17), and defendants filed a reply (ECF No. 20).

**I.　　Introduction**

On April 25, 2016, plaintiff filed its complaint, alleging two claims for relief: "quiet title in a right-of-way across federal public lands pursuant to [Revised Statute ('R.S.')] 2477" and "declaratory judgment recognizing a right-of-way across federal public lands pursuant to R.S. 2477." (ECF No. 1 at 11, 13). These claims are brought under the Quiet Title Act ("QTA"), 28 U.S.C. § 2409a, which reads: "The complaint shall set forth with particularity the nature of the right, title, or interest which the plaintiff claims in the real property, the circumstances under which it was acquired, and the right, title, or interest claimed by the United States." 28 U.S.C. § 2409a(d); *see also* (ECF No. 1).

Before its 1976 repeal by the Federal Land Policy and Management Act ("FLPMA"), R.S. 2477 stated: "The right of way for the construction of highways over public lands, not reserved for public uses, is granted." FLPMA subsequently preserved existing "right[s]-of-way or right[s]-of-use . . . issued, granted, or permitted" before that statute's enactment. 43 U.S.C. § 1769(a).

Plaintiff's complaint alleges that mineral claims to the Anniversary Mine originated in 1921, pursuant to rights established by the General Mining Act of 1872. (*Id.*). The relevant

**James C. Mahan**
**U.S. District Judge**

predecessors in interest ("PII") unearthed mineral products and drove them to purchasers. (*Id.*). "On April 27, 1943, approximately 221 acres were patented to [plaintiff's] predecessor in interest . . . ." (ECF No. 1 at 8). That property apparently had no access but across federal lands. (*Id.*). After a road that the PIIs constructed for transport was condemned by the United States in 1952, those owners instead utilized the Anniversary Mine Road for the same. (*Id.*).

"In 1964, the Lake Mead National Recreation Area ('NRA') was created by Congress with management of the land vested with the United States Department of the Interior National Park Service." (ECF No. 1 at 9). Plaintiff asserts that 16 U.S.C. § 460n *et seq.* did not eradicate roads or rights-of-way within the NRA. (*Id.*).

Yet "the [Bureau of Land Management] informed Plaintiff's predecessor [in 2015] that it could not improve the Anniversary Mine Road across the BLM lands to make use of it for mining purposes" because the National Park Service would not permit commercial uses of that road. (*Id.*). Plaintiff now wishes to protect or otherwise assert its alleged interests in the road for the use of commercial vehicles to transport minerals.

## II.      Legal Standard

Federal Rule of Civil Procedure 12(b)(1) allows defendants to seek dismissal of a claim or action for a lack of subject matter jurisdiction. Dismissal under rule 12(b)(1) is appropriate if the complaint, considered in its entirety, fails to allege facts on its face that are sufficient to establish subject matter jurisdiction. *In re Dynamic Random Access Memory (DRAM) Antitrust Litigation,* 546 F.3d 981, 984–85 (9th Cir. 2008). Although the defendant is the moving party in a motion to dismiss brought under Rule 12(b)(1), the plaintiff is the party invoking the court's jurisdiction. As a result, the plaintiff bears the burden of proving that the case is properly in federal court. *McCauley v. Ford Motor Co.,* 264 F.3d 952, 957 (9th Cir. 2001) (*citing McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 189 (1936)).

Federal courts have limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger,* 437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation,* 873 F.2d 1221, 1225 (9th Cir. 1989). Thus, "federal subject matter jurisdiction must exist at the time an action is commenced." *Mallard Auto. Grp., Ltd. v. United States,* 343 F. Supp. 2d 949, 952 (D. Nev. 2004).

**James C. Mahan**
**U.S. District Judge**

> [A] plaintiff, suing in a federal court, must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment.

*Smith v. McCullough,* 270 U.S. 456, 459 (1926).

### III.  Discussion

Defendants assert that plaintiff's claim is insufficient because the complaint fails to explicitly detail the interest claimed or how of those interests developed, as required by QTA. (ECF No. 15).  In light of QTA's emphasis that the circumstances allegedly producing a right, title, or interest in contested federal land must be specifically pled, this court agrees with defendants and is concerned by the complaint's lack of an explicit nexus between R.S. 2477, Nevada law, and the alleged origin of plaintiff's asserted property interest in the Anniversary Mine Road.

Although plaintiff states that "[t]he Anniversary Mine Road is a 'public highway' as defined by Nevada state law, and was accepted by the public," its complaint provides no indication of how Nevada state law enabled those results.  (ECF No. 1); *see Alaska Dep't of Nat. Res. v. United States*, 816 F.3d 580, 584 (9th Cir. 2016) ("Acceptance of a[n R.S. 2477] grant is determined by state law.").

Accordingly, this critical allegation is conclusory.  *See* 28 U.S.C. § 2409a(e) (requiring particularity of pleading regarding the circumstances creating an alleged interest in property); *see also Lyon v. Gila River Indian Cmty.*, 626 F.3d 1059, 1077 (9th Cir. 2010) ("Federal Revised Statute 2477 did not itself create R.S. 2477 roads; rather, it authorized the states to construct highways over public lands.").

Because plaintiff has not satisfied QTA's pleading standard, it has similarly failed to invoke QTA's waiver of sovereign immunity.  *See* 28 U.S.C. § 2409a(a); *see also Mills*, 742 F.3d at 404–405 (discussing QTA's impact on federal sovereign immunity).  Because the United States' sovereign immunity is therefore not waived for this action, this court lacks jurisdiction over this case in its present form.  *Chadd v. United States*, 794 F.3d 1104, 1108 (9th Cir. 2015) (citing *FDIC v. Meyer*, 510 U.S. 471, 475 (1994)).

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 3 -

### IV. Conclusion

Plaintiff's complaint failed to comply with QTA's heightened pleading requirements. Therefore, this court lacks jurisdiction and defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) is meritorious.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the defendants' motion to dismiss plaintiff's complaint (ECF No. 15) be, and the same hereby is, GRANTED without prejudice.

DATED February 14, 2017.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 4 -